{¶ 14} I concur with the majority opinion but write separately to emphasize — as Justice Resnick did in Engle — the important concerns involved when a criminal defendant enters a plea. I echo her concern that it is difficult to reverse these convictions but "we are compelled to reach such a result because of what appears to be a grave misunderstanding of the law on the part of the trial court, the prosecutor, and the defense attorney." Engle at 528 (Resnick, J. concurring).
 {¶ 15} As the majority recognizes, a defendant's no contest plea does not preclude appellate review of the merits of a pretrial motion to suppress. Crim. R. 12(I). The plea does waive review of issues that arise during trial. Unfortunately, the attorneys and judge in this case did not appreciate this distinction. The inaccurate legal advice prevented Smith from entering a knowing and intelligent plea.
 {¶ 16} The Ohio Supreme Court recently reiterated the important role the trial court judge plays in the plea process. State v. Veney,2008-Ohio-5200. The Ohio Rules of Professional Conduct recognize the significant duties that attorneys discharge in the trial of a matter. Comment 2 to Rule 3.3 points to "the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative *Page 7 
process." Comment 1 to Rule 3.8 explains that a "prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded justice * * *."
 {¶ 17} In this case, the attorneys and judge did not discharge their duties at the high level expected of every participant in the criminal justice system. The result is that this Court must vacate Smith's convictions and remand for further proceedings. A moment of reflection by all involved, rather than a rush to plead following the trial court's decision, might have prevented this appeal and the delay associated with it. *Page 1